## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2445 | **DATE** | 5/15/2008 |
| **CASE TITLE** | James Worthem (#2007-0071905) vs. Edwin A Burnette, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for leave to proceed in forma pauperis [3] is denied. As further stated below, we dismiss the instant action since Plaintiff has failed to state a valid claim against Defendants. All pending dates and motions are hereby stricken as moot. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff James Worthem's ("Worthem") motion for leave to proceed *in forma pauperis*. Worthem has failed to properly complete his *in forma pauperis* application form. Worthem has not provided sufficient information on his *in forma pauperis* application form relating to his financial status and his identity. For example, Worthem has included a prison trust account statement, as required, with his *in forma pauperis* application form, but the prison trust account statement provided by Worthem is certified by the prison official as the account of "David Scott." (IFP 4). Worthem refers on the signature line on his *in forma pauperis* application form to "David Scott" as Worthem's "AKA" and gives the inmate number of David Scott as his own. (IFP. 1, 3). However, there is no additional explanation or documentation to show that the prison trust account statement for "David Scott," represents the financial information for Worthem or that David Scott and James Worthem are the same person. Thus, Worthem has not provided sufficient information concerning his financial status, and at this juncture we deny his motion for leave to proceed *in forma pauperis* as improperly filed.

In addition, pursuant to 28 U.S.C. § 1915(e)(2), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .

**STATEMENT**

the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2). Worthem alleges in his *pro se* complaint that on April 23, 2007, he was charged with the crime of robbery in Illinois state court. Defendant Jonathan Vougher ("Vougher) was allegedly assigned from the Cook County Public Defender's Office to represent Worthem. Worthem has brought the instant action against Vougher, Camile Cozlowski, another attorney from the Cook County Public Defender's Office, and Edwin A. Burnette, the Public Defender of Cook County (collectively referred to as "Defendants").

Worthem claims that prior to his arrest and incarceration, he had been "working with F.B.I. Agents," and Worthem allegedly talked with Vougher and "told him if he could please help [Worthem] to keep [him] safe and secure. . . ." (Compl. 6). Worthem contends that he was afterwards attacked by inmates while incarcerated. After the alleged attack, Worthem claims Vougher told Worthem that "he had left a message on [his] F.B.I. contacts [sic] phone but there was nothing he [could] do. . . ." (Compl. 7). Worthem also alleges that his "life became in danger again, and [he] was threatened to get stabbed [sic] up in Divs 2-D and . . .[he] signed into D.C." (Compl. 8). These allegations, however, fail to state a claim against Vougher. Worthem acknowledges that Vougher made attempts to contact Worthem's alleged Federal Bureau of Investigation ("FBI") contacts. Worthem has not alleged any basis to conclude that any action or inaction by Vougher had any connection to the alleged attack upon Worthem. Worthem's contention that Vougher failed to properly protect him is nothing more than speculation. Worthem does not allege any facts relating to the alleged threat to his safety. Worthem does not allege any facts that state a claim against Defendants.

Worthem also alleges that Vougher "constantly instructed [Worthem's] wife to convince [Worthem] not to take [his] charge to trial as [he] would lose. . . ." (Compl. 7). Worthem also claims that he told Vougher "not too [sic] bother [his] wife about [Worthem's] wanting trial [sic]. . . ." (Compl. 7). Worthem further contends that "[a]t every single court date, [Vougher] tried to get [him] to take a plea bargain. . . ." (Compl. 7). Such allegations fail to state a claim against Vougher. According to Worthem's own allegations, Vougher was merely providing his client and his client's interested family member with Vougher's legal advice concerning the merits of the case against Worthem and the best course to take. As counsel for Worthem, it was Vougher's professional obligation to advise his client as to the most prudent course of

**STATEMENT**

action in his case. *See Bethel v. United States*, 458 F.3d 711, 716-17 (7th Cir. 2006)(indicating that a counsel should advise a defendant about whether to plead guilty and providing elements for an ineffective assistance of counsel claim based upon counsel's advice to plead guilty). In fact, according to Worthem's own allegations, Vougher did not improperly attempt to force Worthem to plead guilty. Rather, Worthem alleges that Vougher repeatedly advised Worthem and his wife it would be in the best interests of Worthem to plead guilty. Such allegations concerning legal advice by Vougher do not state a valid claim against Defendants.

Worthem also alleges that he ultimately managed to obtain a copy of the police report in his case and he claims he discovered that the report states that "probable cause was found 1 hour and 18 minutes after [his] arrest[,] which was highly illegal. . . ." (Compl. 8). Worthem contends that he pointed this out to Vougher during a meeting and Vougher "quickly ended the meeting." (Compl. 8). Such facts, even if true, fail to state a claim against Defendants. Worthem has failed to show any error by Vougher in regard to the handling of the information on the police report. The fact that Vougher may have ended a meeting earlier than expected by Worthem, even if true, would not state a claim against Defendants.

Worthem also claims that at one point, Worthem "personally viewed [Vougher] and" the judge in Worthem's criminal case, "go into Judges [sic] chambers and speak about what [Worthem] had just revealed to him." (Compl. 8). However, according to Worthem's own allegations, during his criminal case, he was being held in custody. Worthem has not provided any facts to form a basis for Worthem's contentions concerning what was allegedly discussed in the judge's chambers. Such conclusory allegations appear to be premised on pure speculation on Worthem's part and fail to state a claim against Defendants.

Worthem also alleges that Vougher was "[i]ndifferent and highly [p]redjudicial towards [Worthem's] person and very ineffective. . . ." (Compl. 8). Worthem provides several additional allegations concerning Vougher's performance. However, the allegations amount to nothing more than Worthem's dissatisfaction with Vougher's representation of Worthem, particularly in matters of trial strategies and legal arguments. *See Julian v. Bartley*, 495 F.3d 487, 495 (7th Cir. 2007)(stating that "[b]ecause reasonable attorneys may have a great deal of disagreement about appropriate strategy or tactics, a defendant challenging the effectiveness of counsel must show more than that counsel made poor choices"). For example, Worthem claims he "instructed . . . Vougher to obtain" certain photos. (Compl. 9). However, Worthem fails to show

**STATEMENT**

that even if Vougher failed to follow Worthem's request, such a fact would be a basis for liability on the part of Defendants. Worthem fails to provide facts that would provide a basis for a valid claim against Defendants in regards to Vougher's performance as counsel for Worthem. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 324 (1981)(stating in regard to civil rights claims, that "[o]ur adversary system functions best when a lawyer enjoys the wholehearted confidence of his client" and "confidence will not be improved by creating a disincentive for the States to provide postconviction assistance to indigent prisoners" by imposing liability on counsel for his representation).

Worthem also alleges that Defendants' alleged conduct violated some of Worthem's constitutional rights such as his Sixth Amendment and Eighth Amendment constitutional rights. (Compl. 11). Worthem appears to be filing claims against Defendants under 42 U.S.C. § 1983 ("Section 1983") for alleged constitutional deprivations. However, a public defender is not generally deemed to be a state actor and thus cannot be subject to a Section 1983 claim. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992)(indicating that "a public defender does not qualify as a state actor when engaged in his general representation of a criminal defendant"). Worthem has not included facts in the complaint to indicate that Defendants could be subject to Section 1983 liability. *See Tower v. Glover*, 467 U.S. 914, 920 (1984)(mentioning potential Section 1983 liability for public defenders that participate in a conspiracy with state officials).

Worthem also alleges that other members of the Cook County Public Defender's Office have represented him in his criminal case and that those other counsel also made mistakes in their representation of Worthem. In addition, Worthem makes a reference to an alleged "Skokie Courthouse . . . conspiracy ring. . . ." (Compl. 11). Worthem, however, fails to allege any facts to support such conclusory statements without any supporting bases that there was a conspiracy or that any of Defendants participated in the conspiracy. A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if [the plaintiff does] not, the plaintiff pleads [himself] out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). Worthem's speculation as to a hidden conspiracy against him is not sufficient to state a claim against Defendants.

**STATEMENT**

Worthem also specifically entitles a portion of his complaint "Intentional Infliction of emotional Distress," (Compl. 5), thus indicating that he is bringing a state law intentional infliction of emotional distress claim. Under Illinois law, in order for a plaintiff to prevail on an intentional infliction of emotional distress claim: (1) "the conduct involved must be extreme and outrageous," (2) "the actor must intend that his conduct cause severe emotional distress or be aware of a high probability of causing severe emotional distress," and (3) "the conduct must actually cause severe emotional distress." *Breneisen v. Motorola, Inc.*, 512 F.3d 972, 983 (7th Cir. 2008). We first note that Worthem has failed to allege facts that would indicate, even under the notice pleading standard and the liberal construction accorded to *pro se* complaints that Vougher or any of Defendants engaged in any extreme and outrageous conduct. Worthem's allegations evince a dissatisfaction with Vougher's handling of his case. There are no allegations indicating extreme and outrageous conduct on the part of Vougher or any of the other Defendants. In addition, even if Worthem had provided sufficient facts to state a claim against Vougher, Vougher is entitled to immunity under 745 ILCS 19/5, which provides the following:

> Immunity. No public defender, assistant public defender, appellate defender, or assistant appellate defender, acting within the scope of his or her employment or contract, nor any person or entity employing, supervising, assisting, or contracting for the services of a public defender, assistant public defender, appellate defender, or assistant appellate defender, is liable for any damages in tort, contract, or otherwise, in which the plaintiff seeks damages by reason of legal or professional malpractice, except for willful and wanton misconduct.

745 ILCS 19/5. In the instant action, all of the allegations presented by Worthem indicate that Vougher was acting in his capacity as a counsel for Worthem. Worthem does not allege any facts that indicate willful and wanton misconduct on the part of Vougher or the other Defendants. Worthem also seeks as relief in this case "$35 Million Dollars." (Compl. 12). Worthem has not alleged any facts that would indicate that his damages request is not barred by 745 ILCS 19/5. Therefore, based on the above, we dismiss the instant action since Worthem has failed to state a valid claim against Defendants.